UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keisha Hodge,

    Plaintiff,

v.                                                      Case No.:11-10597
                                                        Honorable Sean F. Cox

Carrie Valek, Michael Bickers, and
PNC Bank,

    Defendants.

_____/

OPINION & ORDER DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Keisha Hodge ("Plaintiff") filed this action against her former employer, PNC (formerly known as National City) (the "Bank"), and her former supervisors Carrie Valek ("Valek") and Michael Bickers ("Bickers") (together, "Defendants"), alleging multiple federal and state discrimination claims. This case is identical to one filed by Plaintiff in 2009, but the previous case was not adjudicated on the merits. The matter is currently before the Court on Defendants' Motion for Summary Judgment. The Court has not issued a scheduling order and Defendants' have moved for summary judgment prior to conducting discovery. Defendants rely on evidence obtained in the 2009 case. The parties have briefed the issues and the Court held oral argument on November 3, 2011. Because the parties have yet to conduct discovery in this case, the Court shall DENY Defendants' motion for summary judgment.

BACKGROUND

I.      Factual Background:

The following material facts are gleaned from the briefs and evidence submitted by the parties, taken in the light most favorable to Plaintiff.

On or about July 7, 2000, the Bank hired Plaintiff, an African-American female, as a Retail Management Trainee. By May 2007, Plaintiff had been promoted to Assistant Vice President of the Birmingham, Michigan branch. As Assistant Vice-President, Plaintiff reported to District Sales Executive Carrie Valek. Valek reported to her supervisor, Michael Bickers.[1]

According to the Bank's 2007 Employee Handbook, all Bank employees are at-will employees. Additionally, under the Banks' Code of Ethics, all employees are required to avoid conflicts of interest and are prohibited from soliciting or taking any corporate opportunities for their own benefit.

In November 2006, while still employed by the Bank, Plaintiff became part-owner and Vice President of Hodge and Associates, which was in the business of providing loan services to individuals and corporations. Plaintiff did not inform the Bank of her involvement with Hodge and Associates.

At some point in 2007, according to Plaintiff, she came across a document in the Bank's hard drive that suggested the Bank was paying her less than a white, male Assistant Vice-President of a different branch. After seeing this document, Plaintiff met with Valek to discuss the fact that she was receiving a lesser salary than this other employee, and requested a raise. Valek denied Plaintiff's request for a raise.

---

[1] In Plaintiff's complaint and in her response to the Court's Order to Show cause, Plaintiff incorrectly refers to Defendant Michael Bickers as "Michael Vickers."

In August or September of 2007, Plaintiff set up an appointment with Michael Bickers to discuss her salary. At the meeting, Plaintiff notified Bickers that she believed that she was the victim of wage discrimination. Bickers responded by telling her that managers in the Detroit branches make less than Plaintiff, but reassured Plaintiff that she would be receiving some sort of raise in the future.

In April 2008, the Bank received a customer complaint regarding Plaintiff's referral of business to Hodge and Associates. A Bank employee sent an email to Valek regarding the customer's complaint. The email stated:

> I just wanted you to know about an incident that has one of our customer's pretty upset. Basically our customer is upset about the way her business loan was handled, in particular how Keisha referred the business to her husband and now the deal seems to have gone south. I guess that now the customer is out $2,500 and is on the verge of losing the building she has been trying to finance via [National] City loans. The customer said she feels like she has been taken advantage of and her confidence in National City has been shaken-up.

(Def's Br., Ex. G).

After receiving this email, Valek referred the issue to Bank Senior Investigator Peggy Nichols ("Nichols"), an African-American female, who commenced an investigation into a possible Code of Ethics violation by Plaintiff. During her investigation, Nichols learned of Plaintiff's ownership stake in Hodge and Associates. According to the Bank, Plaintiff's ownership and employment by Hodge and Associates violated the Bank's Code of Ethics regarding corporate opportunities and was a terminable offense. The Bank also learned that Plaintiff referred Bank customers to Hodge and Associates for financing needs.

Nichols' investigation revealed that around April 2008, a customer applied for a

3

commercial loan with the Bank at Plaintiff's branch, and the Plaintiff informed the customer that she did not qualify for a loan. Plaintiff subsequently referred the customer to Hodge and Associates. After speaking with Plaintiff, the customer sought financing through Hodge and Associates, which charged her $2,500 non-refundable application fee. Nichols' investigation also revealed that Plaintiff referred at least two other Bank customers to Hodge and Associates.

As a result of her investigation, Nichols recommended that the Bank terminate Plaintiff. On May 5, 2008, Valek and Nichols met with Plaintiff to discuss the results of Nichols' investigation. At this meeting, Plaintiff admitted that she referred Bank customers to Hodge and Associates, and that she was an officer of Hodge and Associates. In a hand-written statement, Plaintiff wrote:

> On May 5, 2008, I returned to work from maternity leave and my DSE, Carrie Valek, reviewed the Code of Ethics with me. She brought it to my attention that I violated the Code of Ethics by referring [the customer] and occasionally other business customers that were declined by National City to Hodge and Associates which is owned by my husband, Tarik Hodge. I did not intentionally violate the Code of Ethics. I know that my record with National City will attest to the fact that I'm an upstanding employee and person. This violation was an oversight on my part which led to an unfortunate incident.

(Def's Br, Ex. J). That same day, Valek terminated Plaintiff's employment.

II.     Procedural Background:

In March, 2009, the Bank filed claims against Plaintiff in Michigan's 37th District Court. Plaintiff (or, in that case, defendant) filed a counterclaim against the Bank (the "2009 case"). Plaintiff asserted the same racial and gender discrimination claims in the 2009 case as she has in the instant action. After she filed her counterclaim, Plaintiff sought removal of the action to this Court based on federal question jurisdiction. (Case No. 09-11306, Doc. No. 1).

With the case removed to federal court, the parties proceeded with discovery. The discovery cut-off date was May 15, 2010. After the close of discovery, the Bank moved for summary judgment on June 8, 2010. On September 22, 2010, this Court remanded the case back to 37th District Court for lack of subject matter jurisdiction because Plaintiff improperly removed the case to federal court based on a federal question counterclaim. (Case No. 09-11306, Doc. No. 62). This Court did not dismiss the case on the merits. Eventually, Plaintiff voluntarily dismissed her claims in 37th District Court.

On February 14, 2011, Plaintiff re-filed her employment discrimination claims against the Bank in federal court. Plaintiff's current complaint alleges the same claims as her 2009 counterclaim in state court, except that Plaintiff now has added an additional defendant, Michael Bickers.

Although the parties have not conducted discovery in this current action, the Bank filed its motion for summary judgment on May 31, 2011. (Def's Mtn., Doc. No. 11). The Bank has used the material obtained in the 2009 case to support its motion for summary judgment because Plaintiff does not allege any additional factual allegations.

By August 24, 2011, Plaintiff had not responded to the Bank's motion for summary judgment, and this Court ordered Plaintiff to show cause. (Doc. No. 16). Plaintiff responded to the Court's Order to Show Cause on September 2, 2011. (Doc. No. 17).

## ANALYSIS

In her complaint, Plaintiff alleges the following claims against the Bank: (1) Count I – Violation of Elliot Larson Civil Rights Act; Sex Discrimination and Race Discrimination as to PNC/NATIONAL City, Michael Bickers and Carrie Valek; (2) Count II – Race and Sex

5

Discrimination in Violation of Title VII (Disparate Treatment and Intentional Discrimination) as to PNC/National City; (3) Count III – Wrongful Discharge – Breach of Implied Contract and Legitimate Expectations as to National City; (4) Count IV – Retaliation in Violation of Elliot Larson Civil Rights Act (ELCRA) as to National City, Michael Bickers and Carrie Valek; (5) Count V – Retaliation in Violation of Title VII as to PNC/National City; (6) Count VI – Violation of Equal Pay Act.

     Rather than file a response to the Bank's motion for summary judgment, Plaintiff's response to the Court's August 24, 2011 Order to Show Cause states that "Plaintiff is unable to respond to Defendants' Motion for Summary Judgment without adequate discovery." (Plf's Resp. at ¶ 10). Therefore, while the Bank has provided evidence, including deposition testimony from the 2009 case, to support its motion for summary judgment, Plaintiff has not provided any evidence in support of her claims or in response to the Bank's motion.

     Plaintiff states that Defendant Michael Bickers was not a defendant in the 2009 case and "made statements which support her claim that African-Americans and females make less money than their white male counter-parts." *Id*. at ¶ 11. Plaintiff further insists that she can obtain evidence that Defendants' reason for her termination is pretextual if permitted to conduct discovery.

     Plaintiff's Counsel, Diana McClain, submitted an affidavit in which she requests certain discovery that is necessary to support her claims. (Plf's Resp., Ex. D). Ms. McClain seeks discovery regarding National City Michigan Branch managers from January 2002 to the present, including their race and salaries. (*Id*. at ¶ 5). Ms. McClain also seeks information relating to the Bank's payment history for managers, any documents related to pay increases for vice

presidents, and any records of Plaintiff's employment with the Bank.  Finally, Ms. McClain would like the opportunity to depose the following individuals:

- Mrs. Pearson – former HR Director,
- Defendant Michael Vickers,
- Jason A. Chess – bank employee,
- Other female managers and Vice-Presidents, and
- Other African-American managers and Vice-Presidents.

Defendants contend that, with regard to the interrogatories, records, and documents requested by Plaintiff, Defendants provided Plaintiff with access to all these documents in the 2009 case, but Plaintiff "declined to avail herself of that discovery."  (Def's Reply at 2). Defendants further asswert that, in the 2009 case, Defendants offered Plaintiff all of the requested documents contingent upon the filing of a Protective Order, which was entered on October 28, 2009.  (Case No. 09-11306, Doc. No. 16).

FED. R. CIV. P. 56(b) provides, "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until *30 days after the close of all discovery*."  FED. R. CIV. P. 56(b) (emphasis added).  "The scope of discovery is, of course, within the broad discretion of the trial court. . . ."  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  In interpreting Rule 56, the Supreme Court has stated that "[a] plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long *as the plaintiff has had a full opportunity to conduct discovery*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (emphasis added).

Although the parties conducted discovery in the 2009, the Court is not inclined to require Plaintiff to use the same discovery in establishing her prima facie case of discrimination. As stated by defense counsel at the November 3, 2011 hearing on this matter, the previous state court action was voluntarily dismissed without prejudice. Plaintiff may be asserting the same claims of discrimination as her 2009 case, but this is an entirely new cause of action filed before the Court. Accordingly, the Court must allow Plaintiff an opportunity to conduct discovery.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is DENIED. Defendants' may re-file their motion for summary judgment after the close of discovery.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Court

Dated: November 21, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager